IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| LISA NIMMONS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | Civil Action No. 6:07-cv-2637 |
| | ) | |
| RBC INSURANCE HOLDINGS (USA) | ) | ORDER |
| INC.; LIBERTY LIFE INSURANCE | ) | (Written Opinion) |
| COMPANY, INC.; and IBM BUSINESS | ) | |
| TRANSFORMATION OUTSOURCING | ) | |
| INSURANCE SERVICES | ) | |
| CORPORATION f/k/a LIBERTY | ) | |
| INSURANCE SERVICES | ) | |
| CORPORATION and f/k/a LISC, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant IBM Business Transformation Outsourcing Insurance Services Corporation's (IBM) and Defendant RBC Insurance Holdings (USA), Inc.'s (RBC) (collectively, Defendants) Motion To Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' motion is **GRANTED**. All state law claims related to alleged failure to pay overtime are hereby **DISMISSED WITH PREJUDICE.**

Background

This is an employment law dispute involving alleged failure to pay overtime. Plaintiff Lisa Nimmons (Plaintiff or Nimmons) worked for Liberty Insurance Services

Corporation (LISC), which was owned by RBC, until her termination in October 2004. Following her termination, IBM subsequently acquired LISC.

Plaintiff originally initiated this action against RBC and LISC in July 2006. In May 2007, Plaintiff filed an Amended Complaint adding IBM as a party. IBM accepted service of the Amended Complaint on June 29, 2007, and timely removed the case to this Court pursuant to federal question jurisdiction.

The Amended Complaint alleges six causes of action: (1) breach of contract based on failure to pay overtime (Count One); (2) wrongful termination/breach of contract based on Plaintiff's termination after she allegedly complained about Defendants' failure to pay overtime (Count Two); (3) failure to pay overtime wages in violation of the Fair Labor Standards Act (the FLSA) (Count Three); (4) wrongful retention of wages in violation of the South Carolina Wage Payment Act (WPA) (Count Four); (5) wrongful termination/retaliation in violation of the FLSA (Count Five); and (6) wrongful termination in violation of public policy (Count Six).

IBM moved for dismissal of all state law claims involving alleged failure to pay overtime because those claims seek to vindicate rights that are wholly duplicative of those protected by the FLSA. RBC later joined in IBM's motion to dismiss.

## Discussion

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may make a motion to assert a defense for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the Court will "accept as true all well-pleaded allegations and . . . view[s] the complaint in a light

most favorable to the plaintiff." *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Dismissal is appropriate under Rule 12(b)(6) if it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim. *See Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996).

Plaintiff's state law claims related to alleged overtime must be dismissed because they assert rights that are duplicative of those protected by the FLSA. In Count One, Plaintiff claims that a contract existed between the parties because Defendant guaranteed in writing that it would pay overtime benefits. *Amend. Compl.* at ¶ 36. Plaintiff further alleges that Defendant breached this contractual obligation by failing to pay overtime benefits that were due. *Id.* at ¶ 39. Plaintiffs' claims for wrongful termination (Counts Two and Six) are predicated on her allegation that she was discharged after complaining about the failure to pay overtime, in violation of public policy and a contractual obligation encouraging such complaints. *Id.* at ¶¶ 44-49, 74-79. In Count Four, Plaintiff claims wrongful retention of wages for failure to pay overtime that was allegedly due. *Id.* at ¶ 64.

The FLSA was enacted as a comprehensive, exclusive remedial scheme to address employees' right to overtime pay and to be free from retaliation. 29 U.S.C. § 215(a)(3). In *Dockins v. Ingles Markets, Inc.*, 413 S.E.2d 18 (S.C. 1992), the South Carolina Supreme Court was faced with materially indistinguishable facts and held that the state law claims were not cognizable because the plaintiff was limited to those statutory remedies available under the FLSA. In *Dockins*, the plaintiff was discharged

by the defendant after he filed a complaint with the Department of Labor alleging violations of the FLSA. *Id.* The plaintiff filed suit alleging that his termination violated a clear mandate of public policy and thus constituted a wrongful discharge under South Carolina law. *Id.* However, the court noted that the FLSA provided specific relief for an individual who is discharged in retaliation for filing a complaint under the FLSA. *Id.* In rejecting the plaintiff's wrongful discharge claim, the South Carolina Supreme Court held as follows:

> When a statute creates a substantive right and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy. *Campbell v. Bi-Lo*, 301 S.C. 448, 392 S.E.2d 477 (Ct. App. 1990). We hold this applies when the right is created by federal law as well as state law. Therefore, Dockins is limited to his remedy under the Fair Labor Standards Act.

*Id.* at 19. Similarly, federal courts in South Carolina and throughout the country that have addressed the issue have routinely held that the exclusive remedies available to an employee to enforce legal rights created by the FLSA are the statutory remedies provided therein. *See, e.g., Nettles v. Techplan Corp.*, 704 F. Supp. 95, 100 (D.S.C. 1988) (dismissing state law negligence claim based on failure to pay overtime and holding that the FLSA is the exclusive remedy to recover overtime wages); *Roman v. Maietta Constr.*, 147 F.3d 71, 76 (1st Cir. 1998) ("the FLSA is the exclusive remedy for enforcement of rights created under the FLSA") (citations omitted); *Barfield v. Madison County*, 984 F. Supp. 491, 509 (S.D. Miss. 1997) (same); *Petras v. Johnson*, No. 92-CIV 8298 (CSH), 1993 U.S. Dist. LEXIS 8464, at *4 (S.D.N.Y. June 22, 1993) (same); *Tombrello v. USX Corp.*, 763 F. Supp. 541, 545 (N.D. Ala. 1991)

("Courts have consistently held the [FLSA] is the exclusive remedy for enforcing rights created under the FLSA."); *Madrigal v. Green Giant*, No. C-78-157, 1981 U.S. Dist. LEXIS 15325, at *7-9 (E.D. Wash. July 27, 1981) (same); *see also New v. Belk*, Civ. Act. No. 8:00-852 (D.S.C. 2000) (holding that state law claims are duplicative and subject to dismissal when they seek to vindicate same rights protected by federal statutory law) (citing *Desrochers v. Hilton Hotels Corp.*, 28 F.Supp.2d 693 (D. Mass. 1998)).

The Fourth Circuit recently reiterated these principles, holding that the FLSA preempts all state law causes of action premised upon failure to pay overtime, including breach of contract claims. *Anderson v. Sara Lee Corp.*, 2007 WL 4098229 (4th Cir. 2007). The foregoing authorities compel the conclusion that Plaintiff's state law claims are not viable and should be dismissed as duplicative of the rights and remedies available under the FLSA. The FLSA clearly creates a substantive right to overtime pay, prohibits retaliation, and provides remedies for infringement of those rights. Thus, South Carolina and federal case law dictate that Plaintiff is limited to her statutory remedies under the FLSA. Accordingly, Plaintiff's causes of action for breach of contract and wrongful termination and wrongful retention of overtime pay (Counts One, Two, Four,[1] and Six) are hereby dismissed because they fail to state a legally sufficient claim.

---

[1] In Count Four, Plaintiff claims wrongful retention of wages for failure to pay overtime and accrued vacation pay. Plaintiff's claim for failure to pay accrued vacation pay is not preempted or otherwise foreclosed by the FLSA claim and therefore is not dismissed.

IT IS THEREFORE SO ORDERED THAT Defendants' motion to dismiss is **GRANTED** and All state law claims related to alleged failure to pay overtime are hereby **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

                                              G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

December 27, 2007
Anderson, South Carolina